IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 22-MJ-1751 - LF |
| ) | |
| vs. ) | |
| ) | |
| **MARGARITA OCHOA**, ) | |
| ) | |
| Defendant. ) | |

## ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR COMPETENCY DETERMINATION

THIS MATTER comes before the Court on its prior Order Granting Defendant's Motion for a Hearing to Determine Mental Competency and for an Order for Psychiatric or Psychological Examination, Doc. 12; the Confidential Forensic Report submitted by Dr. Simone Viljoen, Doc. 14; and the United States Unopposed Motion to Commit Defendant to the Custody of the Attorney General for Evaluation, Doc. 15.

The Court FINDS there is reasonable cause to believe that Defendant Margarita Ochoa "may presently be suffering from a mental disease or defect rendering h[er] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against h[er] or to assist properly in h[er] defense." 18 U.S.C. § 4241(a).

IT IS THEREFORE ORDERED that Ms. Ochoa be committed to the custody of the Attorney General for a psychiatric and psychological examination to be conducted at a suitable facility in the Bureau of Prisons. Pursuant to 18 U.S.C. §4247(b), the commitment shall not exceed 30 days unless the director of the facility seeks an extension upon a showing of good cause.

IT IS FURTHER ORDERED that the Bureau of Prisons shall prepare a report pursuant to 18 U.S.C. §4247(c) to be filed with the Court addressing the following concerns:

1) Ms. Ochoa's mental health history and his present symptoms

2) A description of any psychological, psychiatric, or other medical tests which were employed by the evaluating psychologist or psychiatrist and the results of any such tests;

3) The evaluating psychologist's or psychiatrist's findings and opinions as to Ms. Ochoa's present mental or medical diagnosis and prognosis; and

4) The evaluating psychologist's or psychiatrist's assessment of whether Ms. Ochoa suffers from a mental disease or defect which prevents or impairs her ability to understand the nature of the charges and the consequences of the proceedings or to consult with her lawyer with a reasonable degree of rational understanding.

In addition to providing a report, the facility should also provide Ms. Ochoa with any necessary treatment and state what treatment she needs after leaving the Bureau of Prisons. The treatment provider(s) will report their findings and opinions to the Court and provide copies of the report to counsel for the United States and counsel for Defendant. The facility also shall alert the Court as soon as possible—before Ms. Ochoa is discharged and returned to the District of New Mexico—if the evaluating psychologist or psychiatrist believes that Ms. Ochoa is not competent to proceed and that it may be more practical to have Ms. Ochoa appear at a competency hearing via teleconference or videoconference rather than returned to New Mexico for further proceedings. Should this occur, the Court will schedule a status conference as soon as possible to discuss whether Ms. Ochoa should be returned to New Mexico or remain at the facility until competence can be determined.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3161(h)(1)(A), that any period of delay resulting from Defendant's motion for hearing and psychological evaluation, Doc. 12,

through and including the termination of any proceeding, including any examination or hearing to determine Defendant's mental competency, shall be excluded for purposes of calculating Defendant's Speedy Trial Act rights.  The Court also finds that justice requires the delay in conducting a preliminary hearing, a detention hearing, and an identity hearing pursuant to Fed. R. Crim. P. 32.1 in this case because Ms. Ochoa's present condition suggests that she cannot adequately assist in her own defense at any hearing.

    IT IS FURTHER ORDERED, pursuant to Rule 12.2(c) of the Federal Rules of Criminal Procedure, that neither any statement made by the defendant in the course of this examination, nor testimony by an expert based upon such statement, and no other fruits of the statement shall be admitted in evidence against the defendant in any criminal proceeding except on an issue respecting mental condition on which the defendant has introduced testimony.

    IT IS SO ORDERED.

_____
HONORABLE LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

DATED:  January 28, 2023